UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAAC O. HUBBERT,

        Petitioner,

   v.

THE PEOPLE OF THE STATE OF NEW YORK,

        Respondent.

23-CV-496-LJV
DECISION & ORDER

---

The *pro se* petitioner, Isaac O. Hubbert, is a prisoner confined at the Ulster Correctional Facility.  He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his conviction in Monroe County Court was obtained in violation of his constitutional rights.  Docket Item 1.

On December 27, 2023, the respondent moved to dismiss the petition on the ground that Hubbert had not properly exhausted his claims.  Docket Item 20.  On January 10, 2024, Hubbert filed a document that this Court construed as a response to the motion to dismiss.[1]  Docket Item 25; *see* Docket Item 26.  The respondent did not reply, and its time to do so has passed.  See Docket Item 21.

For the reasons that follow, the respondent's motion to dismiss is granted, and the petition is dismissed without prejudice.

---

[1] Because it was unclear whether Hubbert intended that filing to be a response to the motion to dismiss, this Court gave him an opportunity to submit an additional response.  *See* Docket Item 26.  Hubbert did not do so.

## **BACKGROUND**[2]

In early 2019, Hubbert pleaded guilty in Monroe County Court to sexual abuse in the first degree. *See* Docket Item 1 at 1-2. In March 2019, he was sentenced to three years' imprisonment and ten years' post-release supervision. *Id.* at 1; *see* Docket Item 23 (sentencing transcript).

After Hubbert was sentenced, he twice moved—*pro se*—to vacate his conviction under New York Criminal Procedure Law § 440.10 ("section 440"). *See* Docket Items 20-2, 20-6. The first motion, filed in December 2019, asserted that Hubbert was denied the effective assistance of counsel and due process. Docket Item 20-2. The second motion, filed in September 2022, asserted that Hubbert had "uncovered newly discovered evidence" relevant to his conviction and that he was "never . . . given the opp[o]rtunity to face [his] accuser." Docket Item 20-6. The Monroe County Court denied both motions. Docket Item 20-4 (denying December 2019 motion); Docket Item 20-8 (denying September 2022 motion). Hubbert did not appeal either motion.[3] *See* Docket Item 1 at 5.

---

[2] Unless otherwise noted, the following facts are taken from the petition, Docket Item 1, and the state court records submitted by the respondent, Docket Items 20-3, 20-3, 20-4, 20-5, 20-6, 20-7, 20-8, 23, 23-1, and 23-2. *See Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State [] prosecution of [the plaintiff] is a matter of public record, of which we take judicial notice."). On a motion to dismiss a habeas corpus petition brought under 28 U.S.C. § 2254, a court "must accept all facts alleged in the complaint or petition as true, drawing all reasonable inferences in favor of the [petitioner]." *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 226 (W.D.N.Y. 2020).

[3] In his 2254 petition, Hubbert checked boxes indicating that he appealed his "[f]irst petition" but not his "[s]econd petition" or "[t]hird petition." Docket Item 1 at 5. Based on the records before this Court, the Court believes that the "appeal" to which Hubbert refers is his direct appeal and that he did not appeal either of his section 440 motions. *See id.* at 6 (indicating that Hubbert raised an ineffective assistance of counsel claim in a section 440 motion and did not "appeal from the denial of [that]

2

But Hubbert did appeal his conviction and sentence. In fact, on November 29, 2023, Hubbert—through counsel—perfected his direct appeal in New York State Supreme Court, Appellate Division, Fourth Department. *See* Docket Item 23-2. In that appeal, Hubbert argues, *inter alia*, that (1) his waiver of appeal was invalid and (2) the trial court erred in denying his request for new counsel. According to the state court docket, Hubbert's direct appeal remains pending.

In his 2254 petition, Hubbert challenges his conviction largely on the same grounds raised in his section 440 motions: (1) that he was denied effective assistance of counsel, Docket Item 1 at 5-7; (2) that he was denied due process, *id.* at 7-8; and (3) that he has uncovered "newly discovered evidence" relevant to his conviction, *id.* at 8-10.

## **DISCUSSION**

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the [s]tate' in order for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (summary order) (quoting 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (alterations omitted) (quoting *Duncan*

---

motion); *id.* at 8 (same but regarding Hubbert's due process claim); *id.* at 9 (same but regarding Hubbert's "newly discovered evidence" claim); *see also* Docket Item 20-1 at ¶¶ 7, 11 (asserting that Hubbert "did not seek leave to appeal" the denial of either of his section 440 motions).

*v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *see Chrysler v. Guiney*, 806 F.3d 104, 116 (2d Cir. 2015) ("Federal habeas corpus law generally gives state courts the first opportunity to address state prisoners' claims that their custody violates federal law.").

To exhaust a claim on direct review in New York, "a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (Sotomayor, J.). "Where a claim is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record[,] . . . a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion pursuant to [section 440]." *Elleby v. Smith*, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (alterations, citation, and internal quotation marks omitted). "If that motion is denied, the petitioner must then seek leave to appeal to the Appellate Division in order to exhaust his state court remedies." *Beniquez v. Johnson*, 2023 WL 3948738, at *7 (S.D.N.Y. June 12, 2023) (alteration omitted); *see also Reyes v. Harold*, 2022 WL 842969, at *21 (S.D.N.Y. Mar. 22, 2022) (describing other ways to exhaust claims in New York State courts).

"[T]he failure to exhaust may be excused only in the rare case where 'there is an absence of available [s]tate corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Tripathy*, 473 F. Supp. 3d at 229 (quoting 28 U.S.C. § 2254(b)(1)(B)). "These exceptions are met 'where there is no further state proceeding for [the] petitioner or pursue,' or 'where further pursuit would be futile.'" *Elleby*, 2020 WL 2611921, at *4 (alteration omitted) (quoting *Lurie v. Wittner*,

228 F.3d 113, 124 (2d Cir. 2000)).  On the other hand, "[i]t is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the [petitioner's] claim[s]."  *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003).

As the respondent argues, Docket Item 20-9, Hubbert's claims are unexhausted.  First, and as noted above, Hubbert's direct appeal remains pending before the Appellate Division, so any claims raised in that appeal are unexhausted.  Second, to the extent that Hubbert's claims are the sort that must be pursued on collateral rather than direct review, Hubbert has not exhausted those claims either:  The Monroe County Court rejected Hubbert's motions under section 440, Docket Items 20-4 and 20-8, and Hubbert did not appeal those decisions, *see* Docket Item 1 at 5.  Finally, any claims that were neither raised in Hubbert's direct appeal nor raised on collateral review have not been presented to any state court and therefore have not been exhausted by definition.  *See Carvajal*, 633 F.3d at 104.

Nor does any exception to exhaustion apply here.  As mentioned above, New York State provides avenues for Hubbert to raise his claims, either on direct or collateral review.  *See* 28 U.S.C. § 2254(b)(1)(B)(i).  And Hubbert says nothing about any "circumstances [] that [would] render such process ineffective to protect [his] rights."[4]  *Id.* § 2254(b)(1)(B)(ii); *see generally* Docket Items 1 and 25.  In fact, Hubbert is pursuing a direct appeal of his conviction in the Appellate Division.

---

[4] Hubbert suggests that he has medical issues that made it difficult to pursue his appeals.  *See generally* Docket Item 1.  While the Court is sympathetic to Hubbert's situation, a medical condition cannot provide a basis for excusing the exhaustion requirement.  *See Elleby*, 2020 WL 2611921, at *4.

Because Hubbert has not "invok[ed] one complete round of the [s]tate's established appellate review process," his claims are unexhausted.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Hubbert's petition therefore is dismissed without prejudice.[5]  *See Schunk v. Erie County*, 2020 WL 4927475, at *2 (W.D.N.Y. July 7, 2020) ("Because [the p]etitioner has not exhausted any of the claims raised in his [p]etition, the proper course for the Court would be to dismiss the [p]etition without prejudice to refiling after [the p]etitioner has exhausted his state remedies."), *adopted*, 2020 WL 4926576 (W.D.N.Y. Aug. 17, 2020).

## **CONCLUSION**

For the reasons stated above, the respondent's motion to dismiss, Docket Item 20, is GRANTED.  Hubbert's petition is dismissed without prejudice.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial

---

[5] Because Hubbert has not exhausted any of the claims in his petition, the stay-and-abeyance procedure that applies to "mixed" petitions presenting both exhausted and unexhausted claims is not available here.  *See, e.g.*, *Phelps v. Superintendent, Gouverneur Corr. Facility*, 2021 WL 2316590, at *6 (S.D.N.Y. June 7, 2021) ("A stay pending exhaustion is not appropriate here because the [p]etition is completely unexhausted."); *see generally Rhines v. Weber,* 544 U.S. 269, 278 (2005) (outlining stay-and-abeyance procedure).

showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Hubbert must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  April 10, 2024
        Buffalo, New York

                                                 */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE